UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM TOTMAN                                                                                    PLAINTIFF

v.                                                                                    CIVIL ACTION NO. 3:07-CV-73-S

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon the motion of defendants Louisville/Jefferson County Metro Government ("Metro") and Christopher Hornback, in his individual capacity ("Hornback") (hereinafter collectively, "Defendants") for summary judgment (DN 57). Plaintiff William Totman ("Totman") has responded (DN 58) and Defendants have replied (DN 60). For the reasons that follow, Defendants' motion for summary judgment will be granted.

In our memorandum opinion and order entered February 17, 2009 (DNs 53 & 54), this court granted Defendants' motion for summary judgment and dismissed with prejudice various claims by Totman against Defendants based on the Fourth and Eighth Amendments and state law. The court reserved judgment on Totman's § 1983 claims against Defendants based on the Fourteenth Amendment because the parties failed to brief, or even address the implications of the Fourteenth Amendment in this case. However, those issues have now been fully briefed and are ripe for adjudication.

The court previously stated the relevant facts and background information surrounding the incident from which this action arises, and so we will not repeat those details here. See, *Memorandum Opinion*, pp. 2-3. The factual findings in the court's previous memorandum are undisputed, as are the facts as restated in Defendants' currently pending second motion for summary

judgment.

In addition, the parties are in agreement as to the applicable legal standard governing Totman's pending claims under the Fourteenth Amendment's substantive due process clause. The straightforward question, then, is whether Metro's and/or Hornback's conduct in this case "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). Whether governmental conduct shocks the conscience depends on the factual circumstances of the case. *Id*. at 851-53.

> More specifically, in situations where the implicated government actors are afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action. . ., their actions will be deemed conscience-shocking if they were taken with "deliberate indifference" towards the plaintiff's federally protected rights. In contradistinction, in a rapidly evolving, fluid, and dangerous predicament which precludes the luxury of calm and reflective pre-response deliberation. . ., public servants' reflexive actions "shock the conscience" only if they involved force employed "maliciously and sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Darrah v. City of Oak Park*, 255 F.3d 301, 306 (6th Cir. 2001) (citation omitted).

Given the facts of this case, the latter situational standard is applicable. In previously discussing the propriety of Hornback's entitlement to qualified official immunity from Totman's state law assault claim against him, the court determined that there was insufficient evidence to support a finding that Hornback acted in bad faith. See, *Mem. Op.* at 10-11. Totman has failed to proffer any further evidence prompting us to reconsider that determination. Likewise, Metro asserts no new basis under the Fourteenth Amendment for liability on the part of Metro. Accordingly, Totman's § 1983 claims against Metro and Hornback based on the Fourteenth Amendment will be dismissed.

For the reasons above, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that Defendants' motion for summary judgment (DN 57) is

**GRANTED,** and Totman's § 1983 claims based on the Fourteenth Amendment may be and the same hereby are **DISMISSED WITH PREJUDICE.**

    **IT IS SO ORDERED.**